IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA KURNAVA, | ) | CASE NO. 1:08 CV 2821 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| MICHAEL J.ASTRUE, Commissioner of Social Security, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule.  The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Paula Kurnava's application for Disability Insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§416(i), 423 and 1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

**I.  INTRODUCTION and PROCEDURAL HISTORY**

On January 27, 2004, Plaintiff filed an application for Disability Insurance benefits and Supplemental Security Income, alleging a disability onset date of January 27, 2004 due to a lumbar strain and problems with her eyes (Tr. 55-57, 60, 297).  Born on January 14, 1969, Plaintiff was 38 years old at the time of the ALJ's determination and a "younger individual" for purposes of the Social Security regulations (Tr. 15, 55, 546).  *See* 20 C.F.R. §§404.1563.

Plaintiff completed the eleventh grade (Tr. 67). She has past relevant work as a discount store cashier and as a short order cook. Plaintiff last worked in June 2004 (Tr. 74).

Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 45-49, 51-52, 298-99, 300-02). Plaintiff requested a hearing and, on August 31, 2005, appeared and testified before Administrative Law Judge Joseph DePietro ("ALJ DePietro") (Tr. 530-45). ALJ Pietro rendered an unfavorable decision on November 22, 2005, and Plaintiff requested review from the Appeals Council (Tr. 303-13). The Appeals Council granted Plaintiff's request and remanded her case for further proceedings (Tr. 314-17). Plaintiff then appeared and testified at a second hearing before ALJ Thomas A. Ciccolini ("the ALJ") (Tr. 546-58) The ALJ issued a written decision on March 22, 2007 in which he found at Step Five of the five-step sequential evaluation[1] that Plaintiff had the residual functional capacity ("RFC") to perform a limited range

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he

of work existing in significant numbers in the national economy and, therefore, was not disabled (Tr. 15-27). Specifically, the ALJ found that Plaintiff retained the capacity to lift, carry, push and pull 10 pounds frequently and 15-20 pounds occasionally and to sit 6 hours in an 8-hour workday (Tr. 23). He further found that Plaintiff should do only low-stress work with low production quotas, no high production pace, no complex tasks, no bargaining or mediation, and no work at unprotected heights or around moving machinery and hazards (Id.). He also found that Plaintiff was limited to work that involved no frequent stooping or bending and that allowed Plaintiff to alternate between sitting and standing in pace for up to 5 minutes every 60 minutes (Id.). The ALJ then concluded based on the vocational expert's testimony that a significant number of jobs, including the jobs of food and beverage clerk and telephone quotation clerk, accommodated Plaintiff's RFC (Tr. 25-27, 555-56). Plaintiff again requested review from the Appeals Council, but it denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 7-9, 13-14, 523-24). On appeal, Plaintiff claims that the ALJ's decision is not supported by substantial evidence.

## II.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance benefits and Supplemental Security Income only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental

---

is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20. C.F.R. §§ 404.1505.

### III.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV. <u>ANALYSIS</u>

**Whether the ALJ Erred in his Assessment of Plaintiff's Allegations of Pain**

Plaintiff raises a single issue on appeal: that the ALJ erred in evaluating her allegations of disabling pain. Specifically, Plaintiff argues that the ALJ erred by failing to address and discuss fully each of the six factors an ALJ should consider in assessing a claimant's allegations as summarized in *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1986), and that the ALJ erred by "dissecting" the evidence rather than considering the record as a whole.

The Court recognizes that pain alone may be sufficient to support a claim of disability. *See Grecol v. Halter,* 46 Fed. Appx. 773, No. 01-3407 (6th Cir. Aug 29, 2002) (unpublished); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir 1984). However, a claimant's subjective assertions of pain, standing alone, will not suffice. In most disability benefits cases, for the ALJ to find disabling pain, there must be: (1) objective evidence of an underlying medical condition; and (2) either, (a) objective medical evidence *confirming* the severity of the alleged pain arising from that medical condition, or (b) the objectively determined medical condition must be of a severity which can *reasonably be expected* to give rise to the alleged pain. *See Buxton v. Halter* 246 F.3d 762, 773 (6th Cir. 2001); *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 852-53 (6th Cir. 1986).

The *Duncan* test, however, is not the end of the analysis. The Commissioner must consider other factors that may or may not corroborate Plaintiff's allegations of pain. *See Walters v. Comm'r of Soc. Sec.*, 127 F. 3d 525,531 (6th Cir. 1997); *Felisky v. Bowen*, 35 F.3d at 1039; 20 C.F.R. § 416.929(c)(2). The other factors may include: statements from the claimant and the claimant's treating and examining physicians; diagnosis; efforts to work; the claimant's

daily activities; the location, duration, frequency and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate symptoms; treatment, other than medication, the claimant receives to relieve pain; measures used by the claimant to relieve symptoms; and any other factors concerning functional limitations due to symptoms. See *Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 416.929(a), (c)(3).

A review of the ALJ's opinion reflects that the ALJ applied the appropriate framework in assessing whether Plaintiff is disabled by her pain and that substantial evidence supports his assessment of Plaintiff's symptoms and credibility. The parties do not appear to dispute that Plaintiff has met the first prong of the *Duncan* test – i.e., that there is objective evidence of an underlying medical condition. The parties also do not dispute that Plaintiff has not provided objective medical evidence confirming the severity of her pain. Thus, the question is whether Plaintiff has met the second prong of the *Duncan* test by demonstrating that her medical condition is of a severity that can reasonably be expected to give rise to the alleged pain, and whether the ALJ appropriately analyzed Plaintiff's statements regarding the severity of her symptoms in finding that she is not disabled. The ALJ specifically stated in his written opinion that Plaintiff's impairments could reasonably be expected to produce symptoms such as pain, but that her statements concerning the intensity, persistence, and limiting effects of these symptoms were credible only to the extent of the limitations he assessed in her RFC (Tr. 25). The ALJ further stated that in making this determination, he was required to consider the seven factors set forth in 20 C.F.R. § 416.929(c)(3).

Plaintiff argues that the ALJ erred because he did not consider all of the factors set forth at 20 C.F.R. § 416.929(c)(3) and because he "dissected" the evidence rather than reviewing the

record as a whole. However, the ALJ's opinion reflects that the ALJ engaged in a thorough assessment of Plaintiff's statements regarding her symptoms and that his assessment was based on the record as a whole, not a "dissection" of it. For instance, the ALJ discussed at length Plaintiff's daily activities, including her stated abilities to care for her child and nephew and to clean house (Tr. 25). The ALJ noted that while Plaintiff claimed her ability to do housework was limited by her carpal tunnel syndrome, the record does not indicate that Plaintiff has undergone any significant treatment for this alleged impairment (Id.). With regard to the treatment that Plaintiff has undergone for her impairments, the ALJ stated that Plaintiff has been diagnosed with lumbar spondylosis and that she has received nerve block injections to alleviate the lumbar pain associated with this condition on numerous occasions (Tr. 21). The ALJ noted that Plaintiff initially reported 25% pain relief from the nerve block injections but acknowledged that she reported fluctuations in pain levels thereafter (Id.). The ALJ further noted that Plaintiff was taking pain medications, "and although she reported it was working, she requested and was given a higher dose of the medication in July 2006" (Tr. 22). The ALJ also noted that Plaintiff had been prescribed a cane (Tr. 22, 25). The ALJ characterized the treatment Plaintiff received as "essentially routine and/or conservative in nature" and noted spine specialist Dr. McLain's observation that Plaintiff's pain tended to lessen with distraction (Tr. 22, 25). He further noted that Dr. McLain did not recommend surgery for Plaintiff, as the MRI showed no significant stenosis, disk degeneration, malalignment of the spine or any other surgically correctable contributor to her pain pain, but also noted Dr. McLain's observation that Plaintiff was moderately to exquisitely sensitive to palpitation to most of the spine (Tr. 22). The ALJ also noted that claimant is obese and was referred to a dietary specialist (Tr. 23). The ALJ further

noted that, despite the likely impact of Plaintiff's obesity on her overall physical condition, Plaintiff has not undertaken any real attempt to address this impairment and her physicians have not ordered any aggressive action to treat it (Id.). This is not an exhaustive list of the evidence cited and analyzed in the ALJ's decision.

Thus, the ALJ's opinion reflects that he considered the factors set forth in 20 C.F.R. § 416.929(c)(3)—including Plaintiff's daily activities, statements made by Plaintiff and her treating physicians; and measures Plaintiff has used to relieve her symptoms—and determined that her allegations were not consistent with the objective medical evidence or the record as a whole.  When there are discrepancies between what a claimant has said and what the written record shows, a reviewing court should not substitute its credibility findings for those of the ALJ. *See Wagner v. Apfel*, 238 F.3d 426, 2000 WL 1872049, *4 (6th Cir. Dec. 15, 2000) (Table); *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  The ALJ need not fully credit a subjective complaint where there is no underlying medical basis. *Fraley v. Secretary of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir. 1984).  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Bynum v. Apfel*, No. 01-2331, 2001 WL 1906274, at *6 (W.D. Ten.. 2001) (internal citations and quotations omitted).  The ALJ's credibility assessment is entitled to deference, and the ALJ's opinion demonstrates that he considered the record as a whole and articulated adequate reasons for finding Plaintiff less than fully credible.  Accordingly, the Court finds there is substantial evidence to support the ALJ's credibility assessment.

To the extent that Plaintiff complains that the ALJ erred by focusing exclusively on the evidence that tended to support his position and by ignoring the evidence that did not, the ALJ's discussion of the evidence throughout his opinion and his assessment of Plaintiff's symptoms reflects that the ALJ did not improperly consider only evidence favorable to his decision.  The Court also notes that an ALJ need not mention every piece of evidence in the record.  Indeed, it is well-settled that:

> [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.  Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

*Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).  Thus, the Court finds that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

## V.  DECISION

For the foregoing reasons, the Court finds that the decision of the Commissioner is supported by substantial evidence.  Accordingly, the Court AFFIRMS the decision of the Commissioner.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: December 9, 2009.